**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ALLEGRA MERRIWEATHER, ET AL. *individually and on behalf of others similarly situated,*  <br><br>Plaintiffs,<br><br>vs.<br><br>MARYLAND PLAZA RESTAURANT, LLC,<br><br>Defendant. | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COME NOW Plaintiffs Allegra Merriweather, Vince Williams, Hannah Costillo, Jennifer Reyes, Tiffany Lakamp, Jessica Remington, Katrina Brown, Bradley Roderick, Ashley Muniz, Jordan Graham, and Rashawn Pettiford ("Class Representatives" or "Plaintiffs"), individually and on behalf of all others similarly situated, and for their Complaint against Defendant Maryland Plaza Restaurant, LLC (hereinafter "MPR" or "Defendant"), state and allege as follows:

### Nature of Case

1. MPR employs or employed hourly non-exempt workers at its restaurants, Scape and Crepes, Etc. ("MPR Personnel"). During the relevant time periods preceding this action, MPR suffered or permitted MPR Personnel to spend time working "off the clock" without pay by virtue of a company policy or practice of deducting a 30-minute meal period from the compensation of MPR Personnel when they worked shifts of six hours or longer. Upon information or belief, MPR Personnel performed compensable work during at least some of their deducted meal breaks without pay. Plaintiffs, on behalf of themselves and all others similarly situated, seek to recover unpaid

overtime wages under the Fair Labor Standards Act ("FLSA") and Missouri Minimum Wage Law ("MMWL"), as well as unpaid straight time (gap time) wages under Missouri common law.

### Jurisdiction and Venue

2. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over the FLSA claims of Plaintiffs and other similarly situated MPR Personnel is based on 29 U.S.C. § 216(b) and 29 U.S.C. § 1331. This Court also has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §§ 1332(d)(2) and/or 1367.

3. Missouri law authorizes court actions by private parties to recover damages for violation of the Missouri Minimum Wage Law, R.S.Mo. § 290.500 *et seq.* (hereinafter "MMWL"). R.S.Mo. § 290.527. Jurisdiction over Plaintiffs' state law claims is based on 28 U.S.C. §§ 1332(d)(2) and/or 1367 and R.S. Mo. § 290.527.

4. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c), because MPR does business in this district and employs hourly personnel to work in this district.

### Parties

5. Representative Plaintiff Allegra Merriweather resides in the Eastern District of Missouri, and she worked at Crepes, Etc. from November 2013 to February 2016.

6. Representative Plaintiff William Wince resides in the Eastern District of Missouri, and he worked at Crepes Etc. from March 2015 to February 2016.

7. Representative Plaintiff Hanna Costillo resides in the Eastern District of Missouri, and she worked at Crepes Etc. from January 2014 to October 2014.

8. Representative Plaintiff Jennifer Reyes resides in the Eastern District of Missouri, and she worked at Crepes, Etc. and Scape American Bistro from January 2014 to May 2015.

9. Representative Plaintiff Tiffany Lekamp resides in the Eastern District of Missouri, and she worked at Crepes, Etc. from January 2015 to October 2015.

10. Representative Plaintiff Katrina Brown resides in the Eastern District of Missouri, and she worked at Crepes, Etc. from July 2015 to February 2016.

11. Representative Plaintiff Bradley Rudolph resides in the Eastern District of Missouri, and she worked at Crepes, Etc. and Scape American Bistro from June 2015 to December 2015.

12. Representative Plaintiff Ashley Muniz resides in the Eastern District of Missouri, and she worked at Crepes Etc. from July 2014 to May 2015.

13. Representative Plaintiff Jordon Graham resides in the Eastern District of Missouri, and he worked at Crepes Etc. from November 2015 to February 2016.

14. Representative Plaintiff Rashawn Pettiford resides in the Eastern District of Missouri, and she worked at Crepes, Etc. from November 2013 to February 2016.

15. Representative Plaintiff Jessica Remington resided in the Eastern District of Missouri at the relevant time, and she worked at Crepes, Etc. from June 2014 to February 2015.

16. Plaintiffs bring Count I of this lawsuit as a collective action under the FLSA on behalf of themselves and all other similarly situated MPR Personnel employed on an hourly basis by MPR at Scape and/or Crepes, Etc. any time between May 15, 2013 and May 15, 2016.

17. Plaintiffs bring Count II of this lawsuit as a class action under R.S. Mo. § 290.500 *et seq*. and Fed. R. Civ. Proc. 23 on behalf of themselves and all other similarly situated MPR Personnel employed by MPR at Scape and/or Crepes, Etc. at any time between May 15, 2014 and May 15, 2016.

18. Plaintiffs bring Counts III through V of this lawsuit as a class action under R.S. Mo. § 290.500 *et seq.* and Fed. R. Civ. Proc. 23 on behalf of themselves and all other similarly situated MPR Personnel employed on an hourly basis by MPR at Scape and/or Crepes, Etc. at any time between May 15, 2011 and May 15, 2016.

19. Defendant MPR is a Missouri limited liability company which operates restaurants within St. Louis, Missouri.

### General Allegations

20. During the applicable statutory recovery periods, subject to tolling by agreement of the parties, Plaintiffs and other similarly situated MPR Personnel have worked overtime hours.

21. Plaintiffs and those similarly situated have performed work during unpaid meal breaks. The meal break deduction policy is a payroll policy, practice, and/or system which deducts 30 minutes of time from shifts of six hours or more worked by MPR Personnel. The assumption made by Defendant is that MPR Personnel do not work during this 30-minute meal break, but that assumption is sometimes incorrect. Hourly MPR Personnel sometimes perform compensable work during their deducted meal breaks. As a result of this uncompensated work time, MPR Personnel were denied overtime pay in violation of the FLSA and MMWL, and straight-time "gap time" pay in violation of Missouri common law.

22. At times, Plaintiffs and other similarly situated employees worked during or through their meal breaks. Plaintiffs' meal periods were sometimes interrupted by customers or to perform work-related tasks for Defendant's benefit during their meal periods. Defendant nonetheless deducted the meal period from the wages of Plaintiffs and those similarly situated.

23. MPR management knew or should have known about this practice and that at least some work performed during meal breaks was not compensated.

24. As a result of this work time, some employees worked in excess of forty hours in various work weeks for which they were not paid overtime at the statutory rate.

25. The failure of MPR to pay Plaintiffs and those similarly situated their earned wages and overtime compensation violates the FLSA, the MMWL, and Missouri common law. Additionally, MPR's failure to implement, maintain, and utilize a system capable of identifying such oversights with reasonable certainty aggravates said unlawful conduct.

26. MPR paid Plaintiffs and other MPR Personnel on an hourly basis, and classified Plaintiffs and other MPR Personnel as "non-exempt" under the FLSA and the MMWL.

27. MPR's conduct amounts to a willful violation of the FLSA.

**Collective/Class Allegations**

28. Plaintiffs bring Count I as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all those who file a consent to join form with the Court.

29. Plaintiffs, individually and on behalf of other similarly situated MPR Personnel employed by MPR at Scape and/or Crepes, Etc. at any time from May 15, 2013 to May 15, 2016 seek relief on a collective basis challenging MPR's practice of failing to accurately pay for all overtime hours worked. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from MPR's records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

30. Plaintiffs bring Count II as a class action pursuant to Fed.R.Civ.P. 23, on behalf of themselves and as the Class Representatives (also referred to as "Representative Plaintiffs" herein) of the following persons (the "Class"):

    a. MPR Personnel employed by MPR at Scape and/or Crepes, Etc. at any time between May 15, 2014 and May 15, 2016.

31. Plaintiffs bring Counts III through V as a class action pursuant to Fed. R. Civ. P. 23, on behalf of themselves and as the Class Representatives of the following persons:

   a. MPR Personnel employed by MPR at Scape and/or Crepes, Etc. at any time between May 15, 2011 and May 15, 2016.

32. Plaintiffs' claims in Counts III through V seek recovery of unpaid wages for straight-time, "gap time" wages in workweeks in which Plaintiffs and those similarly situated worked uncompensated hours off the clock but had less than forty total work hours in a given workweek.

33. The state law claims, if certified for class-wide treatment, are brought on behalf of all similarly situated MPR Personnel who do not opt-out of the class.

34. Plaintiffs' state law claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

35. The class satisfies the numerosity standards.  The proposed Class consists of at least dozens of current and former employees of Scape and/or Crepes, Etc.  As a result, joinder of all Class members in a single action is impracticable.  Class members may be informed of the pendency of this class action through direct mail.

36. Questions of fact and law common to the Class predominate over any questions affecting only individual members.  The questions of law and fact common to the Class arising from MPR's actions include, without limitation, the following:

   (i) Whether MPR failed to pay Class members wages and overtime required under R.S. Mo. § 290.500 *et seq.*;

    (ii)    Whether MPR failed to fully and accurately record the hours worked each day and each workweek by Class members as required under R.S. Mo. § 290.520;

    (iii)    Whether contracts existed between MPR and Class members requiring payment of wages;

    (iv)    Whether MPR breached and violated contracts with Class members by failing to pay wages for time worked;

    (v)    Whether MPR is liable to Class members pursuant to *quantum meruit*; and

    (vi)    Whether MPR has been unjustly enriched by its failure to pay Class members for time worked;

    (vii)    Whether MPR's conduct constituted willful disregard for the governing law discussed herein.

37. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

38. Plaintiffs' claims are typical of those of the Class in that Class members have been employed in the same or sufficiently similar hourly positions and Plaintiffs were subject to the same unlawful practices as the Class.

39. A class action is the appropriate method for the fair and efficient adjudication of this controversy. MPR has acted or refused to act on grounds generally applicable to the Class. The presentation of separate actions by individual Class members creates a risk of inconsistent and

varying adjudications, establishing incompatible standards of conduct for MPR and/or substantially impairing or impeding the ability of Class members to protect their interests.

40. Plaintiffs are adequate representatives of the Class because they are members of the Class and their interests do not conflict with the interests of the members of the Class they seek to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiffs and the undersigned counsel, who are experienced in prosecuting complex wage and hour, employment, and class action litigation.

41. Maintenance of this action as a class action is a fair and efficient method for adjudicating this controversy. It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

## **Count I:  Violation of the Fair Labor Standards Act of 1938**

42. Plaintiffs reassert and re-allege the allegations set forth above.

43. At all times material herein, Plaintiffs and other similarly situated persons have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq*.

44. The FLSA regulates, among other things, the payment of overtime to MPR Personnel who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

45. MPR is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its MPR Personnel are engaged in commerce.

46. MPR violated the FLSA by failing to pay for overtime.

47. Plaintiffs and all similarly situated MPR Personnel are victims of a uniform compensation policy.

48. Plaintiffs and all similarly situated MPR Personnel are entitled to damages equal to the mandated overtime premium pay for the above-referenced time period, plus periods of equitable tolling, because MPR acted willfully and knew, or showed reckless disregard for whether its conduct was prohibited by the FLSA.

49. MPR has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated MPR Personnel are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b).

50. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by MPR from Plaintiffs and all similarly situated MPR Personnel. Accordingly, MPR is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, reasonable additional compensation to Representative Class members for serving as class representatives in this action, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

**Prayer for Relief – Count I**

WHEREFORE, on Count I of this Complaint, Plaintiffs and all similarly situated MPR Personnel demand judgment against MPR and pray for: (1) unpaid overtime wages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment

and post-judgment interest as provided by law; (5) an award of $500.00 in additional compensation for each of the above named Representative Plaintiffs for serving as class representatives and (6) such other relief as the Court deems fair and equitable.

### Count II:  Violation of The Missouri Minimum Wage Law

51. Plaintiffs reassert and re-allege the allegations set forth above.

52. At all relevant times herein, Plaintiffs and the Class have been entitled to the rights, protections, and benefits provided under the MMWL, R.S.Mo.§ 290.500 *et seq*.

53. The MMWL regulates, among other things, the payment of overtime wages by employers, subject to limited exemptions not applicable herein.  R.S. Mo. §§ 290.500(3) & (4); R.S. Mo § 290.505.1.

54. During all times relevant to this action, MPR was the "employer" of Plaintiffs and the Class within the meaning of the MMWL.  R.S. Mo. §§ 290.500(3) & (4).

55. During all times relevant to this action, Plaintiffs and the Class were MPR's "employees" within the meaning of the MMWL.  R.S. Mo. §§ 290.500(3).

56. Pursuant to the MMWL, employees are entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of forty (40) hours in a workweek.  R.S. Mo. § 290.505.1.

57. MPR violated the MMWL by failing to pay Plaintiffs and other similarly situated MPR Personnel overtime wages required under the MMWL.  R.S. Mo. § 290.505.1.

58. Plaintiffs and the Class are victims of a uniform compensation policy.  Plaintiffs and the Class are victims of a uniform compensation policy.  Plaintiffs and the Class are of the information and belief that this uniform policy was applied to all Class members during the Class Period from May 15th, 2011 to May 15th, 2016.

59. Plaintiffs and all similarly situated MPR Personnel are entitled to damages equal to all unpaid overtime wages due for the above-referenced time period, plus periods of equitable tolling along with an additional equal amount as liquidated damages. R.S. Mo. § 290.527.

60. Plaintiffs and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

61. Representative Class members are entitled to reasonable additional compensation for serving as class representatives in this action.

62. MPR is liable, pursuant to R.S. Mo § 290.527, for Plaintiffs' costs and reasonable attorneys' fees incurred in this action.

### Prayer for Relief – Count II

WHEREFORE, on Count II of this Complaint, Plaintiffs and all similarly situated MPR Personnel request this court assume jurisdiction of this cause to determine this controversy and case for hearing on the merits, demand judgment against MPR and pray for: (1) unpaid overtime wages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by R.S. Mo. § 290.527; (4) pre-judgment and post-judgment interest as provided by law; (5) an award of $500.00 in additional compensation for each of the above named Representative Plaintiffs for serving as class representatives; and (6) such other relief as the Court deems fair and equitable.

### Count III – Breach of Contract

63. Plaintiffs reassert and re-allege the allegations set forth above.

64. During times relevant, Plaintiffs and all others similarly situated entered into contracts with MPR whereby such persons agreed to perform services as part of their employment by MPR, and MPR agreed to compensate such persons for all such services based upon specified hourly rates of pay (hereinafter "the Contracts").

65. MPR breached and violated the Contracts by failing to pay Plaintiffs and all others similarly situated for time worked.

66. Prior to MPR's breach and violation of the Contracts, Plaintiffs and all others similarly situated performed their duties under the Contracts.

67. As a direct result of MPR's violations and breaches of the Contracts, as aforesaid, Plaintiffs and all others similarly situated have been damaged.

68. Plaintiffs and all similarly situated MPR Personnel are entitled to damages equal to all unpaid wages due for the above-referenced time period, plus periods of equitable tolling.

69. Plaintiffs and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

## Prayer for Relief – Count III

WHEREFORE, on Count III of this Complaint, Plaintiffs and all similarly situated MPR Personnel request that this court (1) assume jurisdiction of this cause to determine this controversy and case for hearing on the merits; (2) request judgment against MPR and pray for (3) actual damages and such other relief as the Court deems fair and equitable; (4) pre-judgment and post-judgment interest at the applicable legal rate;

## Count IV – Quantum Meruit

70. Plaintiffs reassert and re-allege the allegations set forth above.

71. MPR recognized the benefits conferred upon it by Plaintiffs and others similarly situated.

72. MPR accepted and retained the benefits under circumstances that would render such retention inequitable.

73. MPR has thereby been unjustly enriched and/or Plaintiffs and others similarly situated have been damaged.

74. The payment requested by Plaintiffs and others similarly situated for the benefits produced by them is based on customary and reasonable rates for such services or like services at the time and in the locality were the services were rendered.

75. Plaintiffs and the Class are entitled to damages equal to all unpaid wages due for the above-referenced time period, plus periods of equitable tolling.

76. Plaintiffs and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

### Prayer for Relief – Count IV

WHEREFORE, on Count IV of this Complaint, Plaintiffs and all similarly situated MPR Personnel request that this court (1) assume jurisdiction of this cause to determine this controversy and case for hearing on the merits; (2) request judgment against MPR and pray for (3) actual damages and such other relief as the Court deems fair and equitable; (4) pre-judgment and post-judgment interest at the applicable legal rate;

### Count V – Unjust Enrichment

77. Plaintiffs reassert and re-allege the allegations set forth above.

78. Plaintiffs and others similarly situated conferred benefits on MPR and MPR received such benefits conferred upon it by Plaintiffs and those similarly situated.

79. MPR appreciated the fact of the benefits.

80. MPR accepted and retained the benefits in circumstances that render such retention inequitable.

81. MPR has thereby been unjustly enriched and/or Plaintiffs and others similarly situated have been damaged.

82. Plaintiffs and all similarly situated MPR Personnel are entitled to damages equal to all unpaid wages due for the above-referenced time period, plus periods of equitable tolling.

83. Plaintiffs and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

### Prayer for Relief – Count V

WHEREFORE, on Count V of this Complaint, Plaintiffs and all similarly situated MPR Personnel request that this court (1) assume jurisdiction of this cause to determine this controversy and case for hearing on the merits; (2) request judgment against MPR and pray for (3) actual damages and such other relief as the Court deems fair and equitable; (4) pre-judgment and post-judgment interest at the applicable legal rate;

### JURY DEMAND

Plaintiff demands trial by jury as to all issues so triable under Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

THOMAS SANFILIPPO & ASSOCIATES, LLC

__/s/ Thomas SanFilippo_____
Thomas J. SanFilippo #63212
1010 Market Street, Suite 1340
St. Louis, Missouri  63101
Ph:   314-669-5752
Fx:   314-396-6655
thomas@tsalawoffice.com

*Attorney for Plaintiffs and all those similarly situated*