**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALLEGRA MERRIWEATHER ET AL., *individually and on behalf of others similarly situated,* <br><br> Plaintiffs, <br><br> vs. <br><br> MARYLAND PLAZA RESTAURANTS, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 4:17-cv-02924-RWS |

## JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

COME NOW Plaintiffs Allegra Merriweather, Wince Williams, Hannah Costillo, Jennifer Reyes, Tiffany Lakamp, Jessica Remington, Katrina Brown, Bradley Roderick, Ashley Muniz, Jordan Graham, and Rashawn Pettiford, on behalf of themselves and all others similarly situated (hereinafter "Plaintiffs"), and Maryland Plaza Restaurants (hereinafter "MPR"), through their attorneys and for their Joint Motion for Final Approval of Class Action Settlement, state as follows:

1.     Plaintiffs filed this lawsuit against MPR, alleging that they and others similarly situated were employed by MPR as hourly employees at Scape restaurant ("Scape") and/or Crepes, Etc. restaurant ("Crepes, Etc.") and performed work "off the clock" during customarily deducted thirty-minute meal periods without receiving proper overtime pay pursuant to the Fair Labor Standards Act ("FLSA") (Count I of the Complaint) and the Missouri Minimum Wage Law ("MMWL") (Count II of the Complaint), and also without receiving proper straight-time

pay (also known as "gap time" pay) pursuant to Missouri common law (Counts III through V of the Complaint).

2.      MPR denies liability under Plaintiffs' claims as asserted in the lawsuit.

3.      After several months of exchanging personnel documents and discussing this matter in detail, Plaintiffs and MPR resolved their differences by negotiating a settlement subject to this Court's preliminary and final approval, which embodies a reasonable compromise that is fair to both the putative Class Members and MPR and is in the best interests of the putative Class Members.  The Class Action Settlement Agreement, a copy of which was previously filed under seal as an exhibit to the parties' Joint Motion for Preliminary Approval of the Class Action Settlement (*see* ECF Doc. No. 9-1), is the result of arm's length bargaining through counsel that occurred over many months following review and analysis of extensive payroll and other documents.  The parties' Settlement Agreement reflects a desire by both Plaintiffs and MPR to fully and finally settle the claims and issues of law or fact in the lawsuit in an expeditious manner.

4.      On January 26, 2018, this Court entered an Order granting the parties' Joint Motion for: (1) Certification of FLSA Collective Action and for Certification of Rule 23 Class for Settlement Purposes; (2) Preliminary Approval of Class Action Settlement Agreement; and (3) Approval of notice to the Respective Class Members.  ECF Doc. No. 13.

5.      As set forth in the Notice to Court filed by the Settlement Administrator (ECF Doc. No. 14), and in accordance with this Court's Order granting preliminary approval, the Claims administrator sent the Court-approved Class Notice and Claim Form, Request for

Exclusion, and Opt-in Consent Form (collectively "Class Packet") to the Class Members on February 7, 2018.

6.      Of the 399 Class Packets that the Claims Administrator sent out, approximately 110 were returned as undeliverable, which is not abnormal for the restaurant industry, particularly considering that many of the Class Members were in school at the time they worked for MPR.  The Claims Administrator obtained alternative/forwarding addresses for these Class Members and promptly re-mailed the Class Packets to the new addresses.  Approximately 201 Class Members failed to return timely Opt-In Consent Forms or Claim Forms.  However, the Class Packets for these Class Members were never returned as undeliverable.

7.      No Class Member has objected to the settlement, and only 3 Class Members have elected to opt out of the State Law Settlement Class by filing a Request for Exclusion.

8.      Approximately 91 Class Members returned timely and completed Opt-In Consent Forms, and approximately 91 Class Members returned timely and completed Claims Forms.[1]  6 Class Members returned a deficient/incomplete Opt-in Consent Form or Claim Form. Deficiency letters have been sent to all 6 Class Members, and additional time has been provided for these Class Members to return their completed Class Packets.

9.      The parties believe their settlement is fair and reasonable and meets the requirements of the FLSA, 29 U.S.C. §201 *et seq.*, and also meets the criteria set forth in *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 296 F.3d 922, 932-33 (8th Cir. 2005).  In support of said conclusion, the parties state:

---

[1] These totals are inclusive of the Class Representatives who submitted Opt-in Consent Forms and Claim Forms in this case.

a.      The parties had significant disagreements/disputes over both liability and damages issues in the case;

b.      The parties disagreed as to whether class members worked off the clock time during their meal periods for which they were not paid;

c.      If class members did work off the clock time without pay, the parties disagreed as to the number of hours worked;

d.      The parties disagreed as to the nature and extent of the monetary damages of Plaintiffs and those similarly situated, in the event Plaintiffs could prove MPR was liable for damages;

e.      The parties disagreed as to whether MPR is liable for liquidated damages under the FLSA;

f.      The parties also disputed whether a third year of overtime wages was recoverable on the FLSA claim, given the requirement that Plaintiffs prove MPR willfully violated the FLSA;

g.      With respect to the Rule 23 class on the MMWL claims and Missouri common law claims, the parties had conflicting positions on issues that were similar to the FLSA claims:  whether class members worked unpaid time, the amount of any potential unpaid time per week, etc.  Defendant also took the position that the Missouri common law claims (or a portion of said claims) were preempted by the FLSA, whereas Plaintiffs took the position that the common law claims were not preempted.

4

h.    The total maximum recovery amount on the FLSA claim is higher than MPR's estimation of the damages and lower than Plaintiffs' estimation of the damages, and the parties believe that the negotiated settlement terms represent a reasonable compromise in light of the risks inherent with the prospect of continued litigation;

i.    The total maximum recovery amount on the Rule 23 claims is higher than MPR's estimation of the damages and lower than Plaintiffs' estimation of the damages, and the parties believe that the negotiated settlement terms represent a reasonable compromise in light of the risks inherent with the prospect of continued litigation;

j.    Based on the foregoing, the parties believe that had the case not settled, the litigation going forward would have been extremely complex, time consuming and expensive, and had the potential to result in a lower damages recovery by the class as a whole than is being provided in the settlement; further, Plaintiffs would have had to obtain and maintain both collective and class certification throughout the litigation, which MPR planned to vigorously contest;

k.    MPR represents that its financial condition is such that it will be able to make the settlement payments called for by the Class Action Settlement Agreement, and within the time period contemplated by the Settlement Agreement; and

5

l.     The parties believe the above information demonstrates the settlement is fair, reasonable, and adequate, based upon: (i) the merits of Plaintiffs' case, weighed against the terms of the settlement; (ii) MPR's financial condition; (iii) the complexity and expense of further litigation; and (iv) the amount of opposition to the settlement.  The Parties state the outcome of this litigation—if the litigation had continued instead of a settlement being reached—would be far from certain.

10.     Class Counsel has incurred attorneys' fees and costs/expenses in connection with prosecuting this lawsuit.  This case required significant time on the part of Class Counsel to perform numerous tasks required to obtain the settlement reached by the parties, including but not necessarily limited to:  investigating and researching the claims; reviewing and analyzing voluminous documentation produced by MPR (including but not limited applicable employment policies and pay and time records for class members); researching issues relating to liability and damages; conducting calculations to compute the amount of claimed damages; negotiating the terms of settlement with MPR's counsel; preparing papers to finalize the settlement and petition the Court for approval of the settlement; and working through issues relating to the dissemination of the class notice and the administration of the terms of the settlement.

13.     The parties believe the proposed Rule 23 class meets the requirements of Rule 23(a) and (b).  In support of said conclusion, the parties state:

a.     Numerosity—Given that more than 300 individuals are included within the Rule 23 class, the parties believe joinder of all of these class members individually would have been impracticable.

6

b.    Commonality—The parties believe there are questions of fact or law common to the class, namely whether MPR had a policy/practice of suffering or permitting class members to work through unpaid meal periods (and if such a policy/practice existed, whether it was applicable to all class members).

c.    Typicality—The parties believe the claims of the representative Plaintiffs are typical of the claims of the class members.  Plaintiffs performed the same or similar job duties as other class members, worked a similar number of hours per week, and were subject to the same terms/conditions of employment.

d.    Adequacy of Representation—Class Counsel believes that Plaintiffs fairly and adequately protected the interests of the class.  Plaintiffs devoted significant time and efforts to the litigation, played an active role in the case both before and during mediation, and were instrumental in assisting Class Counsel in securing the settlement achieved.

e.    The parties believe that prosecuting separate actions by individual class members would create a risk of inconsistent adjudications.  As indicated above, this case involved complex issues of law and fact, particularly with respect to the computation and scope of damages, and the law on many of these issues is undeveloped and/or unclear within this jurisdiction.

14.    The parties are of the opinion that the Class Action Settlement Agreement is fair, reasonable, adequate, and is in the best interests of the putative FLSA collective action plaintiffs and the Rule 23 class, in light of all known facts and circumstances, including the significant risks and delays of litigation presented by MPR's defenses and potential appellate issues that

7

might be asserted.  Class Counsel has fully advised Plaintiffs of the Class Action Settlement Agreement, and Plaintiffs approve of and consent to the settlement.

15.     MPR, in turn, denied and continues to deny the claims and conduct asserted in the action.  MPR asserted and continues to assert defenses to this action and expressly denied and continues to deny any wrongdoing or legal liability arising out of the action.  Neither the Class Action Settlement Agreement nor any action taken to carry out the Class Action Settlement Agreement is or may be construed as an admission, concession, or indication that MPR or anyone else committed any wrongdoing whatsoever.

16.     The parties now desire to fully, finally, and forever settle, compromise, and discharge the claims asserted in the lawsuit.

17.     Attached hereto as **Exhibit 1** is a Proposed Order granting final certification of the FLSA collective action and the Rule 23 class action as contemplated by the Class Action Settlement Agreement and finally approving the Class Action Settlement Agreement.

WHEREFORE, Plaintiffs and MPR pray this Court for an Order granting final certification of the FLSA collective action and the Rule 23 class solely for settlement purposes, granting final approval of the Class Action Settlement Agreement, directing the parties to act in accord with the Class Action Settlement Agreement, including the issuance of all payments contemplated therein, approving the Plaintiffs' incentive awards, approving Class Counsels' attorneys' fees/costs, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

**THE LAW OFFICES OF THOMAS SANFILIPPO &
ASSOCIATES, LLC**
/s/ Thomas J. SanFilippo (with consent)_____
Thomas J. SanFilippo, 63212
1010 Market Street, Suite 1340
St. Louis, Missouri  63101
Phone: (314) 669-5752
Thomas@tsalawoffice.com

**Attorneys for Plaintiffs and all those similarly situated**


**GREENSFELDER, HEMKER & GALE, P.C.**

/s/ Molly R. Batsch _____
Jill K. Luft            #51068
Molly R. Batsch        #61163
10 South Broadway, Suite 2000
St. Louis, MO  63102
Phone: (314) 241-9090
Fax: (314) 241-3643
jluft@greensfelder.com
mrb@greensfelder.com

**Attorneys for Defendant Maryland Plaza Restaurants,
LLC**


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served on opposing counsel of record via the Court's electronic case filing system on the date reflected in the electronic case filing records.

_____/s/ Molly R. Batsch_____

9